IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYSHON THOMAS,

    Plaintiff,                             CV F 06 0649 AWI WMW PC

    vs.                                   ORDER DISMISSING COMPLAINT
                                        WITH LEAVE TO
                                        FILE AN AMENDED COMPLAINT

JERRY KING,, et al.,

    Defendants.

      Plaintiff is a Madera County Jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the Madera County Department of Corrections at the Madera County Jail, brings this civil rights action against defendant correctional officials employed by Madera County at the Madera County Jail.

      Plaintiff's claims in this complaint relate to the conditions of his confinement.  Plaintiff also sets forth allegations regarding written grievances.

      <u>Inadequate Diet</u>

      Plaintiff alleges that on May 12, 2005, he filed an inmate grievance regarding "inadequate breakfast and lunch."  Plaintiff indicated that on May 11, 2005, he discovered rat feces in his

1

food. Plaintiff also noted that "in months past," he served inmate grievances "to rectify spoiled meat, cakes with mold on it." Plaintiff alleges generally that the conduct "brought reprisals and harassment." Plaintiff served this grievance on Defendant Kitchen Supervisor Bob Stillwell.

On January 5, 2006, Plaintiff served another grievance on Defendant Stillwell. Plaintif complained of being served with hamburgers that contain high levels of cholesterol and sodium. On January 11, 2006, Plaintiff filed an "emergency complaint" regarding spoiled turkey meat that "is in imminent danger causing food poison." Plaintiff alleges that Defendant Sergeant King punishes Plaintiff by disregarding his emergency grievances. Plaintiff alleges that, as to the January 11, 2006, grievance, he was "denied redress." Plaintiff also filed a grievance regarding salty peanut butter in his diet. Plaintiff contends that this causes harm to his health. Plaintiff claims that it is a constitutional violation.   On April 4, 2005, Plaintiff showed Correctional Officer Noblette spoiled meat. Officer Noblette "recognized the turkey to be inedible."

Plaintiff alleges that he has been forced to purchase unhealthy commissary items in order to trade for healthier food items. Plaintiff alleges that he must do this "in order to survive being the deliberate withholding of adequate food for diet by defendants Bob Stillwell, Jerry King."

Telephones

Plaintiff alleges that the phones are malfunctioning, and need to be repaired. Plaintiff complains that inmates are subject to price gouging, as the cost for inmates to use the phones is more expensive than the cost of phone usage outside of jail. It appears that Plaintiff is claiming that because cell phones can not accept calls from the jail, inmates must use phone cards. Plaintiff also contends that his phone card was taken away as punishment for complaining about phone usage.

Television

Plaintiff complains that certain channels are blocked on the jail televisions. Plaintiff specifically claims that the blocking of Black Entertainment Television (BET) constitutes

"invidious discrimination" against African American inmates.

### Law Library

Plaintiff lists various deficiencies in the jail's law library. Plaintiff alleges that the typewriter is broken and Defendant King has not had it repaired. Plaintiff contends that the problem could be remedies by the purchase of computers, along with subscriptions to legal research software. Plaintiff also alleges that the law books are out of date. Plaintiff also alleges that he was denied access to the law library on November 6, 2004. Plaintiff also alleges that Defendant Pete Martinez prevents Plaintiff from going to the law library on certain days.

### Mail

Plaintiff alleges that he submitted a grievance regarding the opening of legal mail by Defendant Correctional Officer Macias. Plaintiff specifically alleges that Macias opened and read legal mail.

### Legal Property

Plaintiff alleges that Defendant Renee Martinez entered Plaintiff's cell while he was asleep, and took some "legal tabs" of Plaintiff's. Plaintiff alleges that these were discarded.

### Housing/Classification

Plaintiff alleges that, on June 12, 2005, Officer Sauceda "put Plaintiff and Hispanic inmates down as keep aways without any consent in order to start kaos [sic]." Plaintiff alleges that his rights were violated because he was assigned an unwarranted classificcation.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt

1  v.Taylor, 451 U.S. 527, 535 (1981).

2        The statute under which this action proceed plainly requires that there be an actual

3  connection or link between the actions of the defendants and the deprivation alleged to have been

4  suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

5  v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to

6  the deprivation of a constitutional right, within the meaning of section 1983, if he does an

7  affirmative act, participates in another's affirmative acts or omits to perform an act which he is

8  legally required to do that causes the deprivation of which the complaint is made." Johnson v.

9  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10      Diet

11        "The Eighth Amendment requires only that prisoners receive food that is adequate to

12  maintain health; it need not be tasty or aesthetically pleasing." Le Maire v. Masss, 12, F.3d 1444,

13  1456 (9th Cir. 993); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Keenan v. Hall,

14  83 F.3d 1083, 1091 (9th Cir. 1996); *amended by* 135 F.3d 1819 (9th Cir. 1998).  "The fact that the

15  food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does

16  not amount to a constitutional deprivation." LeMaire, 12 F.3d at 1456.

17        Here, Plaintiff levels numerous allegations of food that not of optimal quality.  Plaintiff

18  refers to a vegetarian diet, but does not allege that he has been medically approved for a

19  vegetarian diet, or that any named defendant knew that a non-vegetarian diet was approved, and

20  disregarded such an order.  Plaintiff does not allege facts indicating that Defendant Stillwell

21  knew of a particular condition (rat feces, mold), and deliberately tainted Plaintiff's food with

22  such substances.  That Plaintiff may have occasionally found such substances in his food does

23  not subject Defendant Stillwell to liability.   Plaintiff's conclusory allegations that the unhealthy

24  diet he is subjected to is a constitutional violation is unsupported by factual allegation.  The crux

25  of Plaintiff's allegations regarding Defendant Stillwell is that he failed to respond to Plaintiff's

26

1  complaints and grievances.  There are no allegations that Stillwell knew of a particular harm to
2  Plaintiff and subjected him to it.
3       Telephones
4       Plaintiff has a First Amendment right to telephone access, subject to reasonable security
5  limitations.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).  Plaintiff does not, however,
6  have a right to a specific phone rate.  Johnson v. California, 207 F.3d 650, 656 (9th Cir. 2000).
7  There are no allegations that Plaintiff is being completely denied access to the telephone.  This
8  claim should therefore be dismissed.
9       Television
10       There is no legal authority for the proposition that Plaintiff is entitled to view a particular
11  channel on the television.  Further, his conclusory allegation that denial of a particular channel
12  consitututes "invidious discrimination" fails to state a claim for relief.  A claim of racial
13  discrimination in violation of the Equal Protection Clause requires a showing of discriminatory
14  intent.  Washington v. Davis, 426 U.S. 229, 239-40 (1976).  Moreover, if the regulation or
15  practice that infringes on an inmate's constitutional right is "reasonably related to a legitimate
16  penological interest," the claim must be rejected.  Turner v. Safley, 482 U.S. 78, 89 (1987); see
17  also, Washington v. Harper, 494 U.S. 210, 223-25 (1990)(standard of review adopted in Turner
18  applies in all circumstances in which the needs of prison administration implicate constitutional
19  rights, including when the right is fundamental or a suspect class is involved).
20       Law Library
21       Because states must ensure indigent prisoners meaningful access to the courts, prison
22  officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from
23  persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law,
24  Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation
25  of the Bounds minima need not allege actual injury to state a constitutional claim.  Sands v.
26

1  Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such
2  approach, however, providing that all inmate claims for interference with access to the court
3  include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).   Plaintiff does not
4  allege any facts that suggest actual injury, as that term is defined in Casey v. Lewis.

5      Mail

6      An allegation that a defendant opened and read Plaintiff's legal mail, with nothing more,
7  is insufficient to state a claim for relief.  The mere fact that prison officials open and conduct a
8  visual inspection of a prisoner's legal correspondence does not state a claim for violation of a
9  prisoner's constitutional rights.  See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell
10 v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996).  Prison officials may, consistent with the First
11 Amendment, open mail from attorneys in the presence of the prisoner for visual inspection.  See
12 Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528
13 (9th Cir. 1981).

14     Legal Property

15      Because California has an adequate post-deprivation remedy, Clark has no cognizable
16 claim under § 1983 for the negligent or intentional deprivation of his property. See Barnett v.
17 Centoni, 31 F.3d 813, 816-17  (9th Cir.1994).

18     Housing Classification

19     In general, prisoners have no liberty interest in their classification status.  Moody v.
20 Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996);
21 Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Therefore, plaintiff's classification
22 allegations, taken as true, do not deprive plaintiff of any constitutional right.

23     The court finds the allegations in plaintiff's complaint vague and conclusory.   The court
24 has determined that the complaint does not contain a short and plain statement as required by
25 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
26

must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 24, 2008**                    **/s/  William M. Wunderlich**
                                                                                             UNITED STATES MAGISTRATE JUDGE