IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MADERA COUNTY DEPT. OF<br>CORRECTIONS, et al.,<br><br>　　　　　Defendants. | NO. 1:06-cv-00649-AWI-GSA-PC<br><br>ORDER GRANTING MOTION FOR<br>AN EXTENSION OF TIME TO FILE<br>AN AMENDED COMPLAINT<br><br>(Doc.  40)<br><br>AMENDED COMPLAINT DUE IN<br>THIRTY DAYS |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff, a state prisoner in the custody of the California Department of Corrections and Rehabilitation at Calipatria State Prison, is proceeding in a civil rights action against officials at the Madera County Jail. Plaintiff claims that while he was housed at the jail, he was subjected to unconstitutional conditions of confinement. On April 20, 2010, a screening order was entered, dismissing the operative pleading and granting Plaintiff leave to file an amended complaint.

///

///

///

On June 15, 2010, Plaintiff filed a motion titled as follows: "Notice of Motion and Motion for Redress of Findings and Recommendations of Decree and Refusal to Respond and Rectify Plaintiff's Response of Findings and Recommendations with Motion to Punish and Institute Distractional Harassment Disguised With Impediments and Judicial Misconduct, for 90 Day Extension and Stay Until Redressed." Plaintiff's motion consists of seven pages of rambling and incoherent narrative. Plaintiff sets forth numerous complaints about prison life, and asserts that he lacks the legal technology and tools to file an amended complaint. Plaintiff seeks a 90 day extension of time to file an amended complaint.

The order dismissing the first amended complaint clearly sets forth the factual allegations of the first amended complaint, the applicable law, and the deficiencies in the first amended complaint. Specifically, Plaintiff failed to allege facts sufficient to state a claim for relief on his claims. The first amended complaint was not dismissed for want of legal analysis. In order to correct the deficiencies, Plaintiff must allege facts to support his legal conclusions. Original legal research is not necessary to resolve the deficiencies in the first amended complaint. Plaintiff does not need law library access or legal technology or "legal tools." As noted, Plaintiff has been provided with the appropriate legal authority.

Plaintiff, as the initiator of this action, is responsible for the prosecution of it. The Court will provide Plaintiff with one further opportunity to file a second amended complaint that comports with the April 20, 2010, order dismissing the first amended complaint. The Court will also provide Plaintiff with a copy of the April 20, 2010, order dismissing the first amended complaint. Plaintiff is cautioned that his failure to file a second amended complaint within thirty days of the date of service of this order will result in a recommendation that this action be dismissed for Plaintiffs' failure to obey a court order and failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a copy of the April 20, 2010, order dismissing the first amended complaint.

2. Plaintiff's motion for an extension of time to file an amended complaint is granted. Plaintiff is granted an extension of time of thirty days from the date of service of this order in which to file a second amended complaint.

IT IS SO ORDERED.

Dated:   **October 29, 2010**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3