IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYSHON THOMAS, | NO. 1:06-cv-00649-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO DISQUALIFY |
| v. | ORDER TO SHOW CAUSE |
| MADERA CO. DEPT. OF CORR., et al., | (ECF Nos. 42, 43) |
| Defendants. | RESPONSE DUE IN THIRTY DAYS |

  Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court are Plaintiff's motions for the removal or disqualification of U.S. Magistrate Judge Gary S. Austin from this case and for access to court records.

  On April 9, 2010, the operative pleading in this action was dismissed with leave to amend. In that order, the Court informed Plaintiff of the deficiencies in his complaint, and granted Plaintiff leave to file an amended complaint. Plaintiff filed a notice of appeal of that order. On March 16, 2011, the U.S. Court of Appeals for the Ninth Circuit entered an order, dismissing Plaintiff's appeal.

  On November 22, 2010, Plaintiff filed a motion titled as a "motion of ingress to the court." On December 9, 2010, Plaintiff filed a motion titled as a motion for disqualification "with new evidence of obstruction ingress to the courts as well as judicial biasness [sic]." In

these motions, Plaintiff makes rambling complaints regarding rulings in this case, and unsubstantiated allegations of judicial complicity in various conspiracies against Plaintiff. Plaintiff makes vague allegations of judicial bias.   Plaintiff also complains of various difficulties he is having in gaining access to copies of his court records.  Plaintiff seeks an extension of time to comply with the Court's orders.

**A.      Recusal**

The substantive standard for recusal, whether sought under 28  U.S.C. §144 or §455, is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from and "extrajudicial source." Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a basis for motions to disqualify).

Throughout his motion to recuse, Plaintiff refers to bias and prejudice.  Plaintiff does not, however, refer to any extrajudicial source for his impressions.  Although difficult to discern from Plaintiff's rambling allegations, Plaintiff appears to revisit earlier rulings.    Plaintiff's conclusory allegations of bias fail to establish legally sufficient grounds for recusal. See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir. 1993)(concluding that speculative assertions of invidious motive are insufficient to show judicial bias).   The Court finds that Plaintiff's motion fails to meet the standard set forth above.  That Plaintiff received unfavorable rulings does not

demonstrate bias.

### B. Access to Court Records

Throughout this case, Plaintiff has filed various motions for extensions of time and requests for court action. Plaintiff twice filed notices of appeal. This case is not complex. Plaintiff is advised that his complaint was dismissed for failure to allege facts sufficient to state a claim for relief. The Court provided Plaintiff with the applicable legal standards for his claims. Plaintiff need not conduct legal research in order to cure the deficiencies identified in the order dismissing his complaint. The complaint was dismissed for want of factual allegations, of which Plaintiff, as the prosecutor of this action, has personal knowledge. Any lack of access to legal research is not good cause to delay this action any further. The Court will provide Plaintiff with a copy of the original complaint and the order dismissing the complaint. The Court will issue an order to show cause why this action should not be dismissed for Plaintiff's failure to file an amended complaint. Should Plaintiff file a first amended complaint within thirty days, the Court will discharge the order to show cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for disqualification of the assigned U.S. Magistrate Judge is denied.

2. Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed for Plaintiff's failure to file an amended complaint in compliance with the Court's order.

3. The Clerk's Office shall send to Plaintiff a copy of the original complaint and the April 2, 2010, order (ECF No. 36.)

IT IS SO ORDERED.

Dated: **March 30, 2011**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3